IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVE D. ROBINSON  AIS #153410, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) CIVIL ACTION NO 05-590-KD-B ) |
| GWENDOLYN MOSLEY, *et al.*, | ) ) ) |
| Respondents. | ) |

**ORDER**

This matter is before the Court on Respondent's Answer (Doc. 15) filed on February 27, 2006 wherein Respondent sets forth, *inter alia*, that Petitioner's federal habeas corpus petition, filed on October 11, 2005 (Docs. 1, 2, 5),[1] is barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d)(1).

The record before the Court reflects that on June 21, 2002, the Mobile County Grand Jury indicted Petitioner Robinson on charges of first-degree robbery in case number CC-02-1803. (Doc. 15 at Ex. A at 3). On August 8, 2002, Robinson waived a trial by jury and plead guilty to first-degree robbery in the Mobile County Circuit Court. (Id. at 4). Robinson was sentenced by the trial court to a term of life imprisonment in the Alabama State Penitentiary, with the sentence to run concurrent with the sentence imposed in case number CC-02-415 (a prior robbery conviction). (Id.)

On December 4, 2002, Robinson filed a request for an out-of-time appeal, which was treated

---

[1] This is the date that Robinson filed a habeas petition, however, on an outdated form (1996). (Docs. 1, 2). Pursuant to Court Order, he was ordered to complete a new habeas petition on the revised and current form (2004), and file same no later than November 28, 2005. (Doc. 4). Robinson then filed his habeas petition on the revised form on November 21, 2005, which was docketed by the Court on December 2, 2005. (Doc. 5). The Court applies the October 11, 2005 filing date for calculation purposes in assessing the running of the statute of limitations in this case.

as a Rule 32 Petition, in the Mobile County Circuit Court.[2]  (Id. at Ex. A at 5).  On January 31, 2003, Robinson's request for an out-of-time appeal in CC-02-1803 was granted by the trial court, and on February 4, 2003 Robinson filed a notice of appeal.  (Id. at Exs. A at 4-6, D).  On February 10, 2003, the Alabama Court of Criminal Appeals dismissed Robinson's appeal stating as follows:

> [B]ased on several amendments to the Alabama Rules of Criminal Procedure that became effective on August 1, 2002, this Court, in Williams v. State, 854 So.2d 625 (Ala. Crim. App. 2003), held that when an appellant is convicted on a plea of guilt entered on or after August 1, 2002, the appellant will have a right to appeal the trial court's action thereon only if (1) the appellant reserved specific issues for appellate review before judgment was pronounced on [his] plea, or (2) the appellant filed a timely motion to withdraw the plea. We note that the appellant's guilty plea in this cause was entered after the effective date of the above-referenced amendments, and according to the trial court's case action summary, the appellant neither reserved any issues for appellate review before entering his plea or filed a timely motion to withdraw his plea.  Because the appellant did neither, the trial court had no authority to grant the appellant's request for an out-of-time appeal of his conviction.

(Id. at Exs. A at 4, D).  On April 29, 2003, the Alabama Court of Criminal Appeals issued an order denying Robinson's motion and dismissing his Rule 32 petition.  (Doc. 15 at Exs. A at 4, D).

On January 27, 2004, Robinson filed a second Rule 32 petition in case number CC-02-1803.61.[3]  (Id. at Exs. A at 7, 12-37).  In his petition, Robinson raised claims of ineffective assistance of trial and appellate counsel and that he did not appeal in the prescribed time but that such failure was without fault on his part – asserting that his attorney failed to notify the Court or file written notice of appeal within the prescribed time.  (Id.)  On March 11, 2004, the State filed a response to Robinson's Rule 32 petition, asserting that Robinson's claims of ineffective assistance

---

[2] Robinson notes that he mixed up the case numbers in this filing (that he wrote the wrong case numbers on his Rule 32 forms (wrote CC-02-1803 for the petition regarding his jury trial and CC-02-415 on the guilty plea petition), but this appears to have been corrected by the court and thus, does not appear to have any bearing on his present claims.  (Doc. 15 at Ex. A at 22, 40-50).

[3] Robinson's petition was docketed by the Court on February 2, 2004.  (Id.)

2

of trial and appellate counsel were barred by the statute of limitations pursuant to Rule 32.2(c) Ala.R.Crim.P. and that his claim that he was denied an out-of-time appeal was moot. (Id. at 46-48). On March 17, 2004, the trial court issued an order dismissing Robinson's Rule 32 petition on similar grounds. (Id. at 7, 49-50). On April 6, 2004, Robinson filed a Notice of Appeal in the Alabama Court of Criminal Appeals.[4] (Id. at 8, 51-54). Robinson filed a brief in support of his appeal on May 28, 2004. (Doc. 15 at Ex. B). Respondent filed its appellate brief on July 1, 2004, asserting that the trial court properly denied Robinson's Rule 32 petition. (Id. at Ex. C).

On August 13, 2004, the Alabama Court of Criminal Appeals affirmed the trial court's dismissal of Robinson's Rule 32 petition, stating in relevant part, as follows:

> \* \* \*
>
> The appellant, Steve D. Robinson, alias, appeals from the circuit court's dismissal of his petition for post-conviction relief, filed pursuant to Rule 32 . . . in which he attacked his August 8, 2002, guilty-plea conviction for robbery in the first degree and the resulting sentence of life imprisonment. No direct appeal was taken from this conviction. However, on December 4, 2002, Robinson filed a Rule 32 petition for post-conviction relief, in which he sought an out-of-time appeal. On January 32, 2003, the circuit court granted Robinson's request for an out-of-time appeal. Notice of appeal was given on February 4, 2003. Upon receipt of Robinson's notice of appeal, this Court dismissed Robinson's appeal . . . .
>
> \* \* \*
>
> On January 27, 2004, Robinson filed this, his second Rule 32 petition . . . . On March 17, 2004, the trial court issued an order dismissing Robinson's petition. This appeal followed . . . .
>
> \* \* \*
>
> Robinson's claim that he was denied effective assistance of counsel is not jurisdictional; therefore, it is subject to the applicable limitation period provided in Rule 32.2(c) Ala.R.Crim.P. See Cogman v. State, 852 So.2d 191, 192 (Ala. Crim. App. 2002); Knight v. State, 727 So.2d 900, 901 (Ala. Crim. App. 1999). Robinson pleaded guilty on August 8, 2002. Because Robinson did file a timely notice of appeal, his Rule 32 petition seeking relief based on non-jurisdictional claims was required to be filed within one year after the time for filing an appeal lapsed. Robinson had until September 19, 2002 – 42 days from his conviction – in which to file an appeal. Therefore, to be timely, Robinson's Rule 32 petition had to be filed

---

[4] The notice was docketed by the Court on April 12, 2004. (Id.)

> by September 19, 2003. Because Robinson did not file the instant petition until January 27, 2004, the trial court correctly determined that his ineffective-assistance-of-counsel claim was time-barred. Even if we were to determine that the time for filing Robinson's Rule 32 petition ran from entry of this Court's Certificate of Dismissal on February 10, 2003 – which it clearly does not – Robinson's claim would, nevertheless, still be procedurally barred pursuant to Rule 32.2(d), which provides: "Any claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable. In no event can relief be granted on a claim of ineffective assistance of trial or appellate counsel raised in a successive petition."
>
> Robinson's remaining claim that his failure to file a timely direct appeal was through no fault of his own is moot. As this Court noted in its February 10, 2003, Certificate of Dismissal, because Robinson failed to reserve any issues for appeal or file a motion to withdraw his plea, he had no right to an appeal of his conviction.
>
> Based on the foregoing, the judgment of the trial court is affirmed.

(Id. at Ex. D). On September 10, 2004, Robinson's application for rehearing was overruled by the Alabama Court of Criminal Appeals. (Id. at Ex. E). On September 29, 2004,[5] Robinson filed a Petition for Writ of Certiorari in the Alabama Supreme Court. (Id. at Ex. F). In so doing, Robinson did not serve a copy of his brief on Respondent. On October 8, 2004, the Alabama Supreme Court dismissed Robinson's petition for failure to comply with Rule 39(c)(2) of the Alabama Rules of Appellate Procedure, and a certificate of final judgment was issued on that date. (Id. at Ex. G). On October 11, 2005, Robinson filed his federal habeas petition, asserting that he received ineffective assistance of counsel and that his failure to file a direct appeal within the prescribed time was not his fault. (Docs. 1, 2, 5).

The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101 (Supp. II 1997) ("AEDPA"), which became effective on April 24, 1996, provides that a petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration

---

[5] The Court docketed "receipt" of the petition on October 4, 2004. (Doc. 15 at Ex. F).

of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A judgment becomes "final" on the date on which the U.S. Supreme Court issues a decision on the merits of the petitioner's direct appeal, denies *certiorari*, or after the expiration of the 90-day period in which the petitioner could have filed such a petition. Bond v. Moore, 309 F.3d 770, 773 (11th Cir. 2002). In this case, Robinson's judgment became final on September 19, 2002.[6]

Pursuant to the statute, however, the one-year limitations period may be tolled if a petitioner timely filed a Rule 32 petition since "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). See, e.g., In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). As noted *supra*, Robinson filed a Rule 32 petition on December 4, 2002. At the time that this Rule 32 petition was filed, 76 days had elapsed since Petitioner's direct appeal had become final (since September 19, 2002). The undersigned assumes, without finding, that the statute of limitations was tolled from the filing of the Rule 32 petition on December 4, 2002, until the Court of Criminal Appeals dismissed his appeal on April 29, 2003. Accordingly, the statue of limitations resumed running on May 13, 2003.[7] Thus, Robinson had 289 days remaining.

Robinson filed a second Rule 32 petition on January 27, 2004, and at the time that this

---

[6] Petitioner was convicted on August 8, 2002, however he had 42 days, pursuant to Ala.R.App.P. Rule 4(b), to file an appeal. Robinson failed to file a timely appeal. Thus, because the petitioner did not exhaust his direct appeal rights, the 90-day period referenced *supra* is not included. See, e.g., Coates v. Byrd, 211 F.3d 1225, 1226-1227 (11th Cir. 2000), cert. den., 531 U.S. 1166 (2001).

[7] The Court has included in its calculation the 14 days in which Petitioner could have appealed the dismissal to the Alabama Supreme Court. See Ala.R.App.P. Rule 39 (providing that "[t]he petition for the writ of certiorari shall be filed with the clerk of the Supreme Court pursuant to Rule 25(a), within 14 days (2 weeks) of the decision of the Court of Criminal Appeals on the application for hearing . . . .").

petition was filed, 259 of the 289 remaining days had elapsed (since May 13, 2003), such that a total of 335 days had run on the statute – meaning that Robinson had only 30 days left.  The undersigned again assumes, without finding, that the statute was tolled from the filing of this second Rule 32 petition on January 27, 2004 until October 8, 2004,[8] when the Alabama Supreme Court dismissed his petition and a certificate of final judgment was issued.[9]  Accordingly, the statute of limitations resumed running on October 9, 2004.  From that date, Robinson then had 30 days, or until November  8, 2004,[10] in which to timely file his petition for writ of habeas corpus in this Court.  However, Robinson did not file his habeas petition until October 11, 2005, some 337 days *after* the statute of limitations had already expired.

The Court has reviewed Respondent's documentary submissions, which appear to support the conclusion that Petitioner's federal habeas corpus petition is barred by the federal statute of limitations.  (Doc. 15).  However, the Eleventh Circuit has stated that:

Section 2244 is a statute of limitations, not a jurisdictional bar.  Therefore, it permits

---

[8] Respondent incorrectly referenced this date as October 18, 2004.  (Doc. 15 at 8).

[9] Respondent contends that the second Rule 32 petition was not timely filed pursuant to Alabama's Rules of Criminal Procedure, adding that the court denied the petition as barred by the statute of limitation, such that the petition did not toll the statute.  (Doc. 15 at Ex. B); Ala. R. Crim. P. Rule 32.2(c). Untimely post-conviction petitions are not "properly filed" pursuant to 28 U.S.C. § 2244(d)(2). Sweet v. Secretary, Dep't of Corrections, 467 F.3d 1311, 1316 (11th Cir. 2006) (stating that "[r]ecently, the Supreme Court squarely addressed the question it left open in *Artuz.* In *Pace v. DiGuglielmo*, the Court held that a state post-conviction petition rejected by the state court as being untimely under state law is not 'properly filed' within the meaning of AEDPA's § 2244(d)(2). 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed. 2d 669 (2005)[ ]").  See also Hurley v. Moore, 233 F.3d 1295, 1297-1298 (11th Cir. 2000) (finding that where the petition is not properly filed there is not tolling of the one-year limitations period); Sibley v. Culliver, 377 F.3d 1196 (11th Cir. 2004).  The Court does not address the Respondent's argument that the Rule 32 petition was not "properly filed" within the context of 28 U.S.C. § 2244(d)(2), however, since the Court has concluded *infra* that the petition is time barred, even assuming the statute of limitations was tolled.

[10] The limitations period was set to fall on a Sunday, on November 7, 2004; thus, Robinson would have until Monday, November 8, 2004 in which to file his petition.  See Fed.R.Civ.P. Rule 6(a).

>   equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) . . . .

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618-619 (3rd Cir. 1998) (stating that "equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair[]' . . . [g]enerally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights[]'. . . [t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims[]' . . . [m]ere excusable neglect is not sufficient[]").  Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary of Dep't of Corrections, 259 F.3d 1310, 1314 (11th Cir. 2001); Drew v. Dep't of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002).  Recently, the Eleventh Circuit has indicated that a showing of "actual innocence" may also be a recognized exception to the AEDPA's one-year statute of limitations. See, e.g., U.S. v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005) (stating that "[a]ctual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by Appellant's failure to timely file his 2255 motion[]").[11]

---

[11]The Court opined, in pertinent part:

>   [A] defendant can also overcome the procedural bar created by the failure to appeal if he could show a fundamental miscarriage of justice; 'in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.'

7

Therefore, upon consideration of the foregoing, Petitioner Robinson is **ORDERED** to respond on or before **February 13, 2009** to Respondent's Answer and to show cause (*i.e.*, extraordinary circumstances) why this case should not be dismissed for failure to comply with the statute of limitations requirement as set forth in 28 U.S.C. § 2244(d)(1).

**DONE** and **ORDERED** this the 16th day of January 2009.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

Id. at 1120 (quoting Mills v. United States, 36 F.3d 1052,1055 (11th Cir. 1994)  Accordingly, assuming the Eleventh Circuit would recognize the "actual innocence" exception as applied to the AEDPA statute of limitations, petitioner must present reliable evidence not previously presented at trial showing that no reasonable juror would have adjudged him guilty beyond a reasonable doubt.